# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **MARCEL AUTHORLEE** | **CIVIL ACTION NO. 19-0781** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **FRANKLIN PARISH DETENTION CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Marcel Authorlee, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on June 19, 2019, under 42 U.S.C. § 1983. He names the following defendants: Franklin Parish Detention Center, Warden Chad Lee, Nurse Dana Lee, Nurse Sonja Smith, Sheriff Kevin Cobb, and the Louisiana Department of Corrections.[1]

For reasons that follow, the Court should dismiss Plaintiff's claims against Franklin Parish Detention Center and the Louisiana Department of Public Safety and Corrections. With the exception of Plaintiff's negligence claims, the Court should also dismiss Plaintiff's claims against Warden Chad Lee and Sheriff Kevin Cobb.[2]

## Background

Plaintiff alleges that, on December 6, 2018, he fell attempting to climb in his "top rack" because his medication and medical condition rendered him unsteady and because the bunk

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff sets forth additional claims in his Complaint that are not subject to the instant Report and Recommendation. The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claims.

lacked safety railings and a ladder. [doc. # 1, p. 3]. He reinjured his back, and he suffered bruises on his left side and a cut on the left side of his top lip. [doc. # 9, p. 1].

Plaintiff was transported to Franklin Parish Hospital Emergency Room following his fall. *Id.* at 7. A nurse and a physician treated him, and he received x-rays, pain medication, and eight stitches on his lip. *Id.* at 5, 7. The physician instructed Plaintiff to use a heat compress and prescribed antibiotics and pain medication. *Id.* at 7. The physician informed Plaintiff that, because he reinjured his back—on which he once had surgery—he would continue to endure pain for the remainder of his life. *Id.* at 5.

Officials at Plaintiff's previous facility assigned him to a bottom bunk because his medication and his prior surgery rendered him unable to climb in and out of a top bunk. [doc. # 1, p. 3]. Plaintiff informed Nurse Dana Lee and Nurse Sonja Smith that he used medicine which made him drowsy and dizzy, that he had a previous back surgery, and that the medical staff at his prior facility instructed officials there to ensure he was assigned to a bottom bunk. [doc. #s 1, pp. 3-4; 9, p. 1]. He "wrote a number of medical requests asking to be placed [on] a bottom bunk[,]" but Nurse Dana Lee ignored him. [doc. # 9, p. 1]. Further, Nurse Smith knowingly placed him in a top bunk after "reading all the notes from her supervisor (Dana Lee) and continued to do so with no regard for [Plaintiff's] well being or safety." *Id.* at 2.

Plaintiff also faults Nurse Lee for failing to provide a back brace and heat compress, alleging that Nurse Lee informed him that she would not provide the brace or compress because "the doctor" did not prescribe them. *Id.* at 7. Plaintiff alleges further that he endures constant back pain and that he has requested medical assistance from the date of his injury until now, but he "never received any medical assistance from [] Nurse Dana Lee or Nurse Sonja Smith." *Id.* at 8. He wrote Nurses Lee and Smith "a number of medical requests," but they "either do not

answer at all or when they do see [him] they tell [him there is] nothing they can do to help [him]." *Id.*

Plaintiff seeks relief from Warden Chad Lee because Lee employs Nurse Smith and Nurse Lee and because Lee "is supposed to oversee the health, well being, and safety of all inmates . . . ." *Id.* Plaintiff also faults Warden Lee for failing to install guard railings or ladders "so that inmates can safely climb in or out of top racks (bunks) . . . ." *Id.*

Plaintiff seeks relief from Sheriff Kevin Cobb because Cobb employs Warden Lee, Nurse Lee, and Nurse Smith. *Id.* at 3. Plaintiff also faults Sheriff Cobb for "not knowing the gross negligence that is taking place at the Franklin Parish Detention Center." *Id.*

Plaintiff seeks compensatory damages for his back injury, his lip injury, his pain, and his suffering. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Franklin Parish Detention Center**

Plaintiff names Franklin Parish Detention Center as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Franklin Parish Detention Center does not

5

qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against it.

**3. Louisiana Department of Public Safety and Corrections**

Plaintiff names the Louisiana Department of Public Safety and Corrections as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, the Louisiana Department of Public Safety and Corrections is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons . . . ."); see *Carrere v. May*, 2016 WL 6684796, at *2 (W.D. La. Sept. 9, 2016), report and recommendation adopted, 2016 WL 6684247 (W.D. La. Nov. 14, 2016) ("[T]he Louisiana Department of Corrections, a state agency, is not a 'person' within the meaning of 42 U.S.C. § 1983."). Here, accordingly, the Court should dismiss Plaintiff's claims against the Louisiana Department of Public Safety and Corrections.

**4. Sheriff Kevin Cobb and Warden Chad Lee**

Plaintiff seeks relief from Warden Chad Lee in part because he employs Nurse Smith and Nurse Lee and because he "is supposed to oversee the health, well being, and safety of all inmates . . . ." [doc. # 9, p. 2]. Likewise, Plaintiff seeks relief from Sheriff Kevin Cobb in part because Cobb employs Warden Lee, Nurse Lee, and Nurse Smith. *Id.* at 3.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

6

Here, Plaintiff does not allege that Warden Lee or Sheriff Cobb implemented a policy so deficient that it deprived Plaintiff of his constitutional rights. Moreover, Warden Lee and Sheriff Cobb cannot be vicariously liable for the actions of their subordinates.

Plaintiff does allege that Warden Lee failed to install guard railings or ladders "so that inmates can safely climb in or out of top racks (bunks) . . . ." *Id.* Plaintiff maintains that "if these safety precautions would have been in place, it is possible [he] would not have hurt [himself] as bad as [he] did." *Id.* at 3.

"While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of "the minimal civilized measure of life's necessities."[4] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer*, 511 U.S. at 837.

---

[4] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

"*Some* conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (internal quotation marks and quoted source omitted).[5] However, "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Here, Plaintiff does not allege that Warden lee knew, or was aware of facts from which the inference could be drawn, that, because of Plaintiff's medication and previous injury, assigning him to a top bunk which lacked hand/guard rails and a ladder posed a substantial risk of serious harm to him.[6] To the extent Plaintiff claims that, regardless of his medication and prior injury, an elevated bed lacking guard rails and a ladder is simply too dangerous, he fails to state a plausible constitutional claim. The condition he describes does not reflect an excessive risk to his health or safety.

---

[5] "Such things as food, sleep, clothing, shelter, medical attention, reasonable safety, sleep, and exercise have been recognized by courts as basic physical human needs subject to deprivation by conditions of confinement." *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 678 (M.D. La. 2007) (citing cases).

[6] See *Delgado v. Ratcliff*, 213 F.3d 639 (5th Cir. 2000) (finding that the evidence failed "to show that the defendants were aware of any substantial risk to Delgado's health or safety regarding" his claim that, despite suffering from a debilitating back injury, he was ordered to sleep in a top bunk and subsequently fell from the top bunk); *Saldivar v. Davis*, 698 F. App'x 198 (5th Cir. 2017) ("The record does not support that the defendants were aware that by assigning Saldivar to a cell with a top bunk, she faced a substantial risk of serious harm, ignored that risk, and intended for her to be harmed."); *Eubanks v. Jordan*, 2008 WL 5068656, at *1 (5th Cir. Nov. 26, 2008) (finding "no evidence that Defendants knew that failing to assign Plaintiff to a lower bunk was substantially likely to result in his injury.").

Plaintiff's allegations, rather, reflect no more than plausible negligence. See *Saldivar*, 698 F. App'x at 199 ("At most, the decision to move Saldivar to a cell with a top bunk was negligence or a failure to ascertain a perceptible risk rather than deliberate indifference; Saldivar may not obtain relief on this basis."); *Patin v. LeBlanc*, 2012 WL 3109402, at *23 (E.D. La. May 18, 2012), report and recommendation adopted, 2012 WL 3109398 (E.D. La. July 31, 2012) (finding, where the plaintiff alleged that prison bunks lacked guard rails, that the claim "would at best be one of negligence."). Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

Accordingly, to the extent Plaintiff claims that Warden Chad Lee and Sheriff Kevin Cobb violated his constitutional rights, the Court should dismiss Plaintiff's claims. The Court should, however, retain Plaintiff's claims against Warden Chad Lee and Sheriff Kevin Cobb to the extent Plaintiff claims that they were negligent.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Marcel Authorlee's claims against Franklin Parish Detention Center and the Louisiana Department of Public Safety and Corrections be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that, with the exception of his negligence claims, Plaintiff's claims against Warden Chad Lee and Sheriff Kevin Cobb be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 27th day of August, 2019.

_____
Karen L. Hayes
United States Magistrate Judge