UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARCEL AUTHORLEE #592316** | **CASE NO. 3:19-CV-00781 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FRANKLIN PARISH DETENTION CENTER ET AL** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment, filed by defendants. [doc. # 22]. For reasons assigned below, it is recommended that the motion be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies.

### Background

This is a Section 1983 suit brought by Marcel Authorlee, a prisoner currently confined at Louisiana State Penitentiary in Angola, Louisiana. Authorlee is proceeding *in forma pauperis*. During the time relevant to this action, Authorlee was an inmate being housed in the Franklin Parish Detention Center, and he complains that his civil rights were violated by prison officials. Authorlee alleges he fell from a bunk on December 6, 2018. He faults the defendants for this fall, claiming the bunk did not have safety rails or a ladder. He also says he should have been assigned to a bottom bunk regardless. Authorlee seeks compensatory damages for the injuries he suffered and damages for his pain and suffering.

Authorlee did not file a grievance regarding the fall until June 13, 2019, over six months after the incident. The administrative remedy procedure ("ARP") at the detention center requires

that any grievances under the ARP be filed within 45 days of the date of the incident made the subject of the grievance.

Defendants moved for summary judgment on February 27, 2020, alleging that Authorlee failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Per the notice of motion setting, Authorlee had until March 19, 2020, to file an opposition, but Authorlee failed to do so. Thus, the motion is ripe.

### Relevant facts

1. Authorlee filed the instant pro se § 1983 suit on June 19, 2019.
2. At the time of filing, Authorlee was an inmate being housed in the Franklin Parish Detention Center.
3. Authorlee alleges that he fell from a bunk on December 6, 2018.
4. The Franklin Parish Detention Center has an ARP that is explained to all inmates and is provided to them in their inmate handbook.
5. The facility policy requires that a one-step grievance be filed within 45 days of the date of the incident that is the subject of the grievance.
6. Authorlee acknowledges in his Complaint that the facility has such an administrative remedy procedure.
7. He also filed one ARP grievance, which he attached to his Complaint.
8. He did not file the grievance within 45 days of the alleged fall. Instead, he filed the grievance in June of 2019.
9. The grievance was denied as untimely.
10. Authorlee did not appeal the denial.

### Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in a motion for summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and the statements of undisputed facts as true. *Celotex Corp.*, 477 U.S. at 317. Thus, for purposes of this motion, those facts are deemed admitted.

## Discussion

Under the Prison Litigation Reform Act ("PLRA"), "[n]o actions shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Where the PLRA applies, exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Failure to exhaust under the PLRA is an affirmative defense, meaning that it is the defendant's burden to demonstrate each element. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).

Franklin Parish Detention Center has an ARP that is explained to all inmates and is provided to them in their inmate handbook. It states "[i]nmates have the right to file a grievance. Grievances may be requested from a supervisor. They must be filed within 45 days from the date of the incident." (Def.s' Ex. A and Ex. A-1).

Authorlee acknowledges the facility has an administrative remedy procedure. (Compl. at p. 2). He attached to his complaint the ARP grievance he filed on June 13, 2019. An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009)(unpubl.)(citing *Woodford v. Ngo*, 548 U.S. at 89-93, 126 S.Ct. 2378)). Because Authorlee did not timely file his grievance, he did not exhaust his administrative remedies. There is no genuine dispute as to any material fact and the defendants are entitled to judgment as a matter of law.

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 22] filed by defendants Chad Lee, Dana Lee, Sonya Smith, and Kevin Cobb be GRANTED and that Authorlee's claims be DISMISSED, WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of March 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE